# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN MICHAEL ENRIGHT**, | : | **CIVIL ACTION NO. 1:14-CV-0103** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA**, *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

On January 17, 2014, plaintiff Justin Michael Enright ("plaintiff"), an inmate presently incarcerated at the Federal Correctional Institution at Butner, North Carolina, filed this complaint pursuing both civil rights claims and Federal Tort Claims Act claims. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2, 7.) Preliminary review of the complaint reveals that he includes unrelated claims against individuals employed at two separate correctional institutions. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

## I.    Standards

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as

defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986).

## II.  Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. The claims contained in the complaint arose at two separate correctional institutions. The allegations contained in paragraphs 19-41 relate to events that occurred when plaintiff was incarcerated at the Perry County Prison in New Bloomfield, Pennsylvania. (Doc. 1, ¶¶ 19-41.) The allegations set forth in paragraphs 42-50 concern separate and unrelated events that took place when he was housed at the Gilmer Federal Correctional Institution in Glenville, West Virginia, which is located within the territorial confines of the judicial district of the Northern District of West Virginia. (Id. at ¶¶ 42-50.) Plaintiff's complaint incorporates separate and unrelated incidents that occurred at two distinct institutions and do not involve an issue of law or fact common to all defendants. While plaintiff will be granted an opportunity

to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

### III.  Conclusion

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint. To the extent that he believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other as they occurred at separate institutions, plaintiff should file separate complaints addressing each violation in the appropriate judicial district.

An appropriate Order will issue.

>  /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania

Dated:     March 12, 2014